UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANNA M. CARTER,

        Plaintiff,                                  Case No. 08-15133
                                                   HON. BERNARD A. FRIEDMAN

vs.

                                                   MAG. JUDGE MARK A. RANDON

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND AFFIRMING THE DECISION OF THE COMMISSIONER**

**I.     Introduction**

      This matter is before the Court on Magistrate Judge Mark A. Randon's December 11, 2009, Report and Recommendation ("R & R"). Magistrate Judge Randon recommended that the Court grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment. Plaintiff filed a timely objection to the R & R. Defendant filed a response to Plaintiff's objection. The Court has reviewed this matter de novo as required under FED. R. CIV. P. 72(b) and will accept and adopt the Magistrate Judge's R & R.

      As a result of its de novo review, the Court finds that the Magistrate Judge's recitation of the facts in this matter is accurate. Accordingly, the Court will adopt the Magistrate Judge's factual record, contained in the R&R at pages 2 through 12.

**II.     Analysis**

Plaintiff seeks judicial review of the Commissioner's decision denying Plaintiff's claim for Social Security Disability and Supplemental Security Income benefits.

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record."  Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005).  If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or "because there exists in the record substantial evidence to support a different conclusion."  McClanaham v. Comm'r of Soc. Sec., 474 F.3d 830, 833 (6th Cir. 2006).  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts."  Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994).

The Administrative Law Judge ("ALJ") determined Plaintiff had the residual functional capacity ("RFC") to perform unskilled light exertional work, which included Plaintiff's past relevant work as a housekeeper.  Plaintiff believes that the ALJ failed to give controlling weight to her treating physicians' opinions regarding the limitations that Plaintiff's ailments impose on her ability to work.  "Generally, the opinions of treating physicians are given substantial, if not controlling deference."  Warner v. Commissioner, 375 F.3d 387, 390 (6th Cir. 2004).  However, as Magistrate Judge Randon noted, a treating physician's opinion is not entitled to controlling

weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2).  In addition, as Magistrate Judge Randon further noted, an opinion that is based on the claimant's reporting of her symptoms alone is not entitled to controlling weight. Young v. Secretary of Health and Human Servs., 925 F.2d 146, 151 (6th Cir. 1990).

      Here, the ALJ found that the opinions of Plaintiff's treating physicians were based upon Plaintiff's subjective complaints and not based upon objective clinical findings.  The ALJ based this conclusion, in part, on the fact that he did not find Plaintiff's testimony entirely credible.  An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility.  Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997).  The Court concludes, as did Magistrate Judge Randon, that it finds no reason to disturb the ALJ's credibility findings.

      Plaintiff's next argument is that the hypothetical question posed to the vocational expert was inadequate, as Plaintiff believes that it failed to accurately portray her impairments. Plaintiff's argument is unconvincing, as a hypothetical question is not required to list the claimant's medical conditions, but is only required to reflect her limitations.  Webb v. Comm'r of Soc. Sec., 368 F.3d 629, 633 (6th Cir. 2004).  As noted above, the ALJ found that Plaintiff was not fully credible, and that the objective medical evidence did not support Plaintiff's claimed limitations.  Accordingly, a hypothetical that takes into account such findings is not in error.

**III.     Order**

Accordingly, for the reasons stated herein,

IT IS ORDERED that Magistrate Judge Randon's Report and Recommendation, dated December 12, 2009, is hereby accepted and adopted.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that the findings of the Commissioner be AFFIRMED.


        S/Bernard A. Friedman
        Bernard A. Friedman
        United States District Judge

Dated:  January 28, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 28, 2010, by electronic and/or ordinary mail.

        S/Felicia Moses for Carol Mullins
        Case Manager